

FILED ___ LODGED
RECEIVED ___ COPY

JAN 3 1 2002

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Vincent Edward Taylor, )
        Plaintiff, )
        v. )    CV 02-0138-PHX-EHC (MS)
Parker City Police Department, et al., )
        Defendants. )    **O R D E R**

    Plaintiff Vincent Edward Taylor, confined in the Arizona State Prison Complex in Douglas, Arizona, has filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff has not paid the $150.00 filing fee, but has filed an Application to Proceed In Forma Pauperis. However, Plaintiff's Application is insufficient to support the request to proceed *in forma pauperis*.

## A. Payment of Filing Fee.

    Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay the $150.00 filing fee when he files a civil action. Nevertheless, Plaintiff may file a civil action even if he has no assets to immediately pay the filing fee. 28 U.S.C. § 1915(b)(4). If Plaintiff currently has no assets, the filing fee will be collected from him when funds exist.  28 U.S.C. § 1915(b).

    Accordingly, Plaintiff must either pay the $150.00 filing fee or, if unable to pay the fee immediately, must submit to the Court a certified copy of his trust fund account statement (or institutional equivalent) for the six months preceding the filing of the Complaint.  If Plaintiff was held at more than one institution for the six months preceding the filing of the Complaint, he must

JDDL

1

include a certified account statement from an appropriate official at each of the institutions where he was confined. Id. The Arizona Department of Corrections has notified the Court that a certified trust account statement is available from the Central Office Inmate Banking Section upon an inmate's request.

The Court then shall assess and, when funds exist, collect an initial partial filing fee of 20% of the greater amount of either the average monthly deposits or the average monthly balance in Plaintiff's account for the six months immediately preceding the filing. 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, Plaintiff shall be required to make monthly payments equaling 20% of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2).

The agency having custody of Plaintiff will forward payments from his account to the Clerk of Court each time the amount in the account exceeds $10.00 until the filing fee is paid. Id.

**B. Application Fails to Comply With Statute.**

Plaintiff has not filed a copy of his trust fund account statement for the six month period immediately preceding the filing of his Complaint. Accordingly, Plaintiff will be given 30 days from the date this Order is filed in which to file with the Court a properly signed and certified Application to Proceed In Forma Pauperis on the form provided with this Order and a six month trust account statement obtained from the ADOC Central Office Inmate Banking Section.[1]

**C. Warning of Possible Dismissal Pursuant to Rule 41.**

Plaintiff should take notice that if he fails to timely comply with every provision of this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258 (9th Cir.) (district court may dismiss action for failure to comply with any order of the Court), cert. denied, 506 U.S. 915 (1992).

---

[1] Plaintiff should note that ADOC trust account statements which are not issued by the Central Office Inmate Banking Section typically do not include the information required by the statute, and therefore, are subject to rejection by the Court.

JDDL

2

**IT IS THEREFORE ORDERED:**

(1) That Plaintiff shall have 30 days from the date this Order is filed in which to file a trust fund account statement (or institutional equivalent) for the six months immediately preceding the filing of the Complaint. If Plaintiff was held at more than one institution during the six months immediately preceding the filing of the Complaint, he shall file a separate certified trust fund account statement (or institutional equivalent) from the appropriate official at each institution where he was confined. The trust fund account statement(s) must show deposits and average balances for each month. Plaintiff shall obtain the trust account statement for his account at the Arizona Department of Corrections from the Central Office Inmate Banking Section;

(2) That the Clerk of Court is directed to enter dismissal of this action without prejudice and without further notice to Plaintiff if Plaintiff fails to file a six month trust account statement within 30 days of the date this Order is filed;

(3) That at all times during the pendency of this action, Plaintiff shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure;

(4) That a clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned. See Rule 1.9(f), Rules of Practice of the U.S. District Court for the District of Arizona. Failure to comply with this requirement may result in the pleading or document being stricken without further notice to Plaintiff; and

////

////

////

////

////

JDDL

(5) That the Clerk of the Court is directed to provide to Plaintiff a current court-approved form for filing an Application to Proceed In Forma Pauperis (Non-Habeas).

DATED this _____ day of _____, 2002.

_____
Earl H. Carroll
United States District Judge

JDDL

4